William Joseph AMIS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 12–92–00380–CR.

Court of Appeals of Texas, Tyler.

Feb. 28, 1995.

Rehearing Overruled April 24, 1995.

F.R. Files, Tyler, for appellant.

Edward J. Marty, Tyler, for appellee.

HADDEN, Justice.

A jury convicted William Joseph Amis, Jr. ("Appellant") of murder and assessed punishment at 20 years confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant raises nine points of error on appeal. We will affirm.

The evidence shows that Judge David Brown ("the deceased") was the attorney for Appellant's father, William Amis, Sr. The deceased had power of attorney for Appellant's father and set up a trust for his assets. Over a period of time, Appellant began to distrust the deceased's handling of his father's estate so he obtained guardianship over his father. The day after Appellant secured guardianship, the deceased visited Appellant at his father's home. Appellant told the deceased that he had obtained the guardianship and ordered him to leave. After a brief scuffle, Appellant took a gun out of his pocket and shot the deceased, who was unarmed at the time. All of the four bullets in the gun hit the deceased. The shooting rendered Brown a quadriplegic, and he died about 2½ years later from complications from the wounds.

In his first point of error, Appellant asserts that the trial court erred in overrul-

ing his objection to the State's opening statement. At trial, the State made the following assertions:

Are we going to bring you all the witnesses that have anything at all to do with this case? Are you going to bring all of the evidence in this case? *I'm just going to seek justice.*

Appellant argues, as he did at trial, that the prosecutor's statement placed a higher mantle on the State and constituted a strike at defense counsel. We disagree.

TEXAS CODE OF CRIMINAL PROCEDURE art. 2.01 states, in pertinent part, as follows:

It shall be the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but *to see that justice is done.*

(Emphasis added.)

Clearly, the prosecutor's statement was a reference to this statutory duty and does not constitute error. It did not attack defense counsel, nor did it imply that the defense would engage in unethical conduct to prevent a conviction. *Cf. Lewis v. State*, 529 S.W.2d 533, 534 (Tex.Cr.App.1975) (State's jury arguments that "I have taken a solemn oath to God to seek justice ... No such oath bears on one of these attorneys" and "If, assuming this man is guilty, do they want the truth in here before you?" constituted strikes at defense counsel); *Boyde v. State*, 513 S.W.2d 588, 591 (Tex.Cr.App.1974) (State's argument that "you will never find me defending criminals in this or any other County. You will never find me accepting stolen money, stolen merchandise as a fee" constituted error).

■ Moreover, the argument was proper as an answer to opposing counsel. During voir dire, defense counsel asked the jury panel the following question:

How many of you believe that to play fair, the State ought to bring in all the testimony about the case so when they get through, you know what's happened? Make sense? If you do, raise your number.

Their burden. They've got a duty.

Let me ask it another way. *Do y'all expect the State to play fair with you?* (Emphasis added.)

Jury argument is proper if it falls into one or more of the following general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to the argument of opposing counsel; and (4) pleas for law enforcement. *McKay v. State*, 707 S.W.2d 23, 36 (Tex.Cr.App.1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). We find these principles equally applicable to a remark in opening statement which has been invited by defense counsel's voir dire comments. Appellant invited the State's argument by focusing the jury panel's attention upon the State's duties at trial. The State's opening remarks constituted a response to defense counsel's statements; therefore, the remarks do not constitute error. For these reasons, point of error number one is overruled.

In point number two, Appellant challenges another portion of the State's opening remarks. Specifically, he takes issue with the following assertions:

If a party calls a witness, they cannot ask leading questions to that witness. Cross-examination is the time for leading a witness. *I'm not going to sponsor witnesses in this courtroom whose testimony I won't vouch for.*

(Emphasis added.)

■ Appellant claims that the State impermissibly attempted to bolster its own witnesses through these statements. As a general rule, it is improper for a prosecutor to vouch for the credibility of a witness during argument. *Chapman v. State*, 503 S.W.2d 237, 238 (Tex.Cr.App.1974); *Carter v. State*, 650 S.W.2d 843, 847 (Tex.App.—Houston [14th Dist] 1982), *aff'd*, 650 S.W.2d 793 (Tex. Cr.App.1983). However, a remark vouching for the credibility of the witness is not reversible if it is invited by defense argument. *Chapman*, 503 S.W.2d at 238; *Manuel v. State*, 782 S.W.2d 335, 337 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd); *Carter*, 650 S.W.2d at 843.

In the instant case, the prosecutor's remarks were invited by defense counsel's statements about the witnesses during voir dire. He told the jury panel personal facts about Appellant and his family, explaining

that they lived in Tyler and attended First Baptist church. He stated that "we expect a whole ton of folks to testify," and that "we're going to have some judges, we would assume, of people with the judiciary mentioned throughout the trial." After discussing the witnesses, he questioned the panel about their beliefs that the State would "play fair" with them. Clearly, the State's opening remark was invited by defense counsel's comments about the witnesses and about the State's treatment of the evidence.

■ Even if the statement were improper, any error was harmless beyond a reasonable doubt. *See* Tex.R.App.P. 81(b)(2). First, the prosecutor's statement was not harmful since it was made during opening statement, rather than closing argument. *Cf. e.g., Menefee v. State,* 614 S.W.2d 167, 168 (Tex.Cr.App. 1981) (erroneous statement about eye-witness' credibility made during jury argument). Statements occurring during final argument are uniquely compelling since they are the last thing that the jury hears before they retired to deliberate. Consequently, an improper statement made early in the trial would have less of an impact on the jury than the same statement made during closing argument. *See e.g., Jackson v. State,* 726 S.W.2d 217, 221 (Tex.App.—Dallas 1987, pet. ref'd) (statement made during voir dire had less impact than closing argument).

Second, the prosecutor's statement was harmless since it was less direct and emphatic than those arguments cited by Appellant. The prosecutor did not refer to the witnesses individually, nor did he detail the reasons for their credibility. He made the singular statement in the context of explaining the mechanics of the trial and did not reiterate it at any subsequent point in the trial. Thus, the impact on the jury was minimal.

■ Finally, the effect of the statement upon the jury was lessened by the court's jury instructions. The court's charge contained the following admonishments:

> You are instructed that any statements of counsel, made during the course of the trial or during argument, not supported by the evidence, or statements of law made by Counsel not in harmony with the law as stated to you by the Court in these instruction, are to be wholly disregarded.

.    .    .    .    .

> You are the exclusive judges of the facts proved, of the credibility of the witnesses and of the weight to be given to the testimony, but you are bound to receive the law from the Court, which is herein given you, and be governed thereby.

These instructions explained the manner in which counsel's statements were to be evaluated, and properly shifted the focus from the prosecutor's assessment of the witnesses to the jury's responsibility for this task. In *Zaiontz v. State,* 700 S.W.2d 303, 307 (Tex. App.—San Antonio 1985, pet. ref'd), the court held that an improper remark made during voir dire did not constitute reversible error in light of preliminary instructions by the trial court, the charge to the jury and the context in which it was made.

For these reasons, we conclude that even if the statement were improper, the timing of the statement, the intervening trial with no further reference to the statement, and the subsequent instructions given to the jury rendered any error harmless beyond a reasonable doubt. *See* Tex.R.App.P. 81(b)(2). Accordingly, Appellant's second point of error is overruled.

■ In his third point, Appellant asserts that the trial court erred in excluding the testimony of E.W. Scates, the owner of a security agency. The defense attempted to proffer Scates' testimony in two separate in-camera hearings. During these hearings, Scates testified that he received a telephone message from Appellant on October 27, 1988. Scates called the telephone number on the message and spoke with a man who identified himself as Appellant. He spoke with him by telephone on two other occasions. One of the phone calls occurred about a year after the shooting.

On cross-examination, Scates acknowledged that he had never spoken to Appellant prior to the first phone call. He did not know Appellant or his phone number prior to that call, and was not positive that Appellant was actually the person that called him. Scates also testified that he could not identify

Appellant's voice during the call that he received a year later. The court ruled that the evidence was inadmissible since the voice of the caller was not properly authenticated, and since there was no evidence that Scates' call was made to a number assigned by the telephone company to Appellant.

TEXAS RULE OF CRIMINAL EVIDENCE 901(b) governs the requirements of authentication and identification, and states, in pertinent part, the following:

> (5) *Voice Identification.* Identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker.

> (6) *Telephone Conversations.* Telephone conversations, by evidence that a call was made to the number assigned at the time by the telephone company to a particular person or business, if (A) in the case of a person, circumstances, including self-identification, show the person answering to be the one called, or (B) in the case of a business, the call was made to a place of business and the conversation related to business reasonably transacted over the telephone.

Scates' testimony indicated that he could not conclusively identify Appellant's voice, either at the time of the first call or afterward. *See* TEX.R.CRIM.EVID. 901(B)(5). Moreover, Scates could not say that the number he called from his phone message had been assigned by the telephone company to Appellant. *See* TEX.R.CRIM.EVID. 901(B)(6). Since Scates had never spoken with Appellant prior to the first phone call and admitted that he was not certain that Appellant was the original caller or the person who answered his call, the trial court did not err in excluding the testimony. *Cf. Woodson v. State,* 777 S.W.2d 525, 531 (Tex.App.—Corpus Christi 1989, pet. ref'd) (defendant's voice sufficiently identified to support admissibility of telephone conversation when witness stated that he had previously spoken with the defendant in person).

■ Moreover, even if the court erred in excluding the evidence, any error was harmless since the same evidence was admitted through Appellant's own testimony. *See* TEX.R.APP.P. 81(b)(2). Appellant testified that he had contacted Codycole, a security company, and spoke with E.W. Scates. He told Scates that he needed to hire him to protect his father, and that he wanted Scates to come get him in a security car and take him to Emerald Bay. Scates did not provide the services at that time. Appellant called Scates two more times, but no services were furnished. In recounting the phone conversations, Appellant stated that "[Scates] thought I was loony." This testimony clearly related the content, time frames, and tenor of the phone conversations. Therefore, even though the court excluded such evidence through Scates' testimony, the same testimony was received into evidence from Appellant himself. Since the evidence was before the jury, no reversible error is shown. *See e.g., Ostos v. State,* 713 S.W.2d 402, 404 (Tex. App.—El Paso 1986, pet. ref'd) (exclusion of defendant's hearsay statements to witness did not constitute reversible error since defendant was allowed to testify about the statements himself). Point number three is overruled.

In point number four, Appellant claims that the trial court erred in excluding the expert testimony of Lemuel Hutchins, a trust attorney. The proffered testimony was to give the jury an overview of trusts, powers of attorney, and guardianship. Hutchins also testified that he had examined the trust documents creating the Amis trust and concluded that certain provisions were unusual.

On cross-examination, Hutchins admitted that he had not researched these issues for Appellant prior to the shooting and would not have conveyed any information to him that would have affected Appellant's state of mind at the time of the shooting. He also admitted that there were no legal errors which would have affected the validity of the Amis trust. The trial court sustained the State's relevancy objection to the evidence.

Rule 702 of the TEXAS RULES OF CRIMINAL EVIDENCE governs the admissibility of expert testimony and provides as follows:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. TEX.R.CRIM.EVID. 702.

■ The threshold determination for admitting expert testimony is whether the specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. *Rousseau v. State*, 855 S.W.2d 666, 686 (Tex.Cr.App.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993); *Duckett v. State*, 797 S.W.2d 906, 910 (Tex.Cr.App.1990), *overruled on other grounds, Cohn v. State*, 849 S.W.2d 817, 819 (Tex.Cr.App.1993); *Williams v. State*, 850 S.W.2d 784, 787 (Tex.App.—Houston [14th Dist.] 1993), aff'd, Nos. 0592–93 and 0593–93 (Tex.Cr.App. Dec. 14, 1994). *See also*, TEX.R.CRIM.EVID. 702. The burden of proof is on the proponent of the evidence to establish the predicate facts by a preponderance of the evidence. *Kelly v. State*, 792 S.W.2d 579, 585 (Tex.App.—Fort Worth 1990), *aff'd*, 824 S.W.2d 568 (Tex.Cr.App. 1992). The decision whether to allow a witness to testify as an expert is within the sound discretion of the trial court. *Duckett*, 797 S.W.2d at 910; *Williams*, 850 S.W.2d at 787. That determination will not be reversed on appeal unless a clear abuse of discretion is shown. *Werner v. State*, 711 S.W.2d 639, 643 (Tex.Cr.App.1986).

■ In the instant case, the trial court properly excluded Hutchins' testimony. Both sides had introduced evidence explaining the trust, the guardianship, and the relationships between the parties. The trust documents, power of attorney, and the guardianship documents had been blown up for display, introduced as evidence, and discussed in detail. Hutchins' testimony was merely a reiteration of these facts offered through the testimony of an expert. Moreover, the testimony would not have established any impropriety in the trust since Hutchins admitted that manner in which the trust was executed was legal. Thus, the jury would not have been assisted by this evidence. *See e.g., Daily v. Wheat*, 681 S.W.2d 747, 756 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (court did not abuse its discretion by excluding tax attorney's testimony explaining trustee's powers when trust documents already admitted). Since the trial court did not abuse its discretion in making its ruling, *Duckett*, 797 S.W.2d at 910, we overrule point number four.

In point number five, Appellant contends that the trial court erred in excluding the expert testimony of Marion Shilling, an accountant, regarding the billing procedures of the deceased. In an in-camera hearing, Shillings testified that he had analyzed certain bills submitted for payment by the deceased. These bills were previously introduced as Defense Exhibit Nos. 19–29. Shilling stated that he had prepared a spreadsheet of the bills. He grouped them by various charges, which included telephone charges, travel expenses, conferences, and the divorce proceedings of Appellant's father, Amis.

On cross-examination, he stated that he had no personal knowledge of the deceased's billing procedures. He also stated that, although he had spent a considerable amount of time preparing the spreadsheets, "I think someone else, yes, could make the same spreadsheets, that I have made." The court sustained the State's objection, noting that "these are calculations that the jury can do." The judge also noted that the evidence was already before the jury in the form of the bills themselves.

As stated in point number four, the initial determination for admitting expert testimony is whether the specialized knowledge of the expert would assist the trier of fact to understand the evidence or to determine a fact in issue. *Rousseau*, 855 S.W.2d at 686; *Duckett*, 797 S.W.2d at 910; *Williams*, 850 S.W.2d at 787. This decision is within the sound discretion of the trial court, *Duckett*, 797 S.W.2d at 910, and will not be reversed on appeal unless a clear abuse of discretion is shown. *Werner*, 711 S.W.2d at 643.

■ In the present case, it does not appear that Shilling's testimony would have appreciably assisted the jury. His testimony consisted of an organized summary of docu-

ments already in evidence. He did not analyze the billing procedures of the deceased, nor did he state that they were unusual or improper in any fashion. The expert testimony of Shilling provided an adequate synopsis of the charges, but did not explain the contents of the documents; therefore, the evidence was unlikely to have aided the jury. *See* Tex.R.Crim.Evid. 702. *See also, Pierce v. State,* 777 S.W.2d 399, 414 (Tex.Cr.App. 1989), *cert. denied,* 496 U.S. 912, 110 S.Ct. 2603, 110 L.Ed.2d 283 (1990) (quoting official commentary of Fed.R.Evid. 702: "When opinions are excluded, it is because they are unhelpful and therefore superfluous and a waste of time"). We conclude that the trial court did not abuse its discretion in excluding Shilling's testimony. Point of error number five is overruled.

By point number six, Appellant argues that the trial court erred in excluding testimony regarding his awareness that the deceased had been censured by the Texas Supreme Court, and that this reprimand was related to the deceased's activities as a trustee in another case. Defense counsel attempted to offer evidence of the reprimand to show that the deceased mismanaged Amis' trust and to show that Appellant was concerned about his inability to receive assistance from law enforcement since the Supreme Court had issued a relatively light punishment against the deceased. The State objected to its admission on the grounds that: (1) the allegations of mismanagement in the prior case were unfounded, and (2) the evidence was prejudicial and used only to assassinate the character of the deceased. The court sustained the State's objections.

■ Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Tex.R.Crim.Evid. 401. The trial court should be allowed the discretion to exclude or admit evidence before the jury, and an appellate court should not set aside the trial court's ruling absent a showing in the record that the trial court has abused that discretion. *Montgomery v. State,* 810 S.W.2d 372, 379 (Tex.Cr.App.1990).

The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. Another way of stating the test is whether the act was arbitrary or unreasonable. The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred.

*Id.* at 380, (quoting *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (citations omitted)).

■ In the case before us, the trial court properly excluded the evidence of the deceased's reprimand. The evidence was not relevant to the existence of any fact of consequence. Appellant claims that the reprimand was admissible to show his state of mind at the time of the offense. He argues that he did not call any law enforcement officials since the Supreme Court itself would not act to remove the deceased from office based on his misdeeds. However, the opinion detailing the reprimand indicates that the deceased was not disciplined for his acts as a trustee because "the misconduct charged as to the note was not proved by a preponderance of the evidence." *In re Brown,* 512 S.W.2d 317, 322 (Tex.1974). Thus, we do not see how the Supreme Court's actions in an unrelated, factually distinguishable case would be relevant to Appellant's state of mind. Moreover, any probative value relating to the evidence would be substantially outweighed by its prejudicial effects and by the danger of confusion of the issues. *See* Tex.R.Crim.Evid. 403. We conclude that the trial court did not abuse its discretion excluding the evidence. Point six is overruled.

In point number seven, Appellant contends that the trial court erred in overruling his objection to the State's jury argument. The challenged argument is as follows:

STATE: Now, let me just say this: I wish I had a nickel in my pocket for every time a defense lawyer got up here in a

homicide case with a dead victim and said, "These are the most important words, you are to are (sic) consider a relationship'—

DEFENSE COUNSEL: Judge that is clearly not the evidence in the case. It's not a reasonable inference from the evidence. We object to it.

COURT: The objection is overruled. You may proceed.

STATE: The relationship between the two parties is what you should consider. That's important.

The State later urged the jury to "[c]onsider that relationship when you try to determine whether or not this Defendant was in fear of the commission of aggravated kidnapping."

■ As we have previously stated, proper jury argument must fall under one of the following areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) pleas for law enforcement. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex.Cr.App.1988); *McKay*, 707 S.W.2d at 36. The prosecution may respond to the argument of opposing counsel even if the prosecution's response might not have otherwise been permissible. *Dorsey v. State*, 709 S.W.2d 207, 210 (Tex.Cr.App.1986).

■ In the case at bar, the State was clearly responding to defense counsel's argument, which had focused on the relationships between Appellant, his family, and the deceased. Defense counsel referred to the fear that a family member would have if their relative were about to be kidnapped by an employee. He related this fear to the relationship between Appellant and the deceased. Quoting Appellant, he referred to the deceased as "God Almighty," who was someone "who did have to knock." He also repeatedly referred to Appellant's close relationship with his father, and stated that this relationship "explains almost every action in this case." Based on the preceding arguments made by defense counsel, we find that the

complained-of statement was proper as an answer to these arguments. Point seven is overruled.

In his eighth point of error, Appellant contends that the trial court erred in excluding testimony regarding a conversation, in which the deceased told Appellant, "Don't come out to Emerald Bay. Leave." The State objected to the admission of the evidence as hearsay and the trial court sustained the objection. Defense counsel argued at trial that the statement was offered not for the truth of the matter asserted, but to show Appellant's state of mind and his reactions at the time of the shooting. He also argued that the evidence was admissible to explain the deceased's influence upon the father/son relationship between Appellant and Amis. Appellant urges the same reasoning on appeal.

Section 19.06 of the TEXAS PENAL CODE [1] governs the admission of evidence demonstrating a defendant's state of mind, and provides as follows:

In all prosecutions for murder or voluntary manslaughter, the state or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense.

TEX.PENAL CODE ANN. § 19.06 (Vernon Supp. 1994).

■ This section permits the admission of two types of evidence: (1) all facts and circumstances surrounding the killing that are probative of the material condition of the mind of the accused at the time of the offense; and (2) all facts and circumstances surrounding the previous relationship between the accused and the deceased that are probative of the material condition of the mind of the accused at the time of the offense. *Fielder v. State*, 756 S.W.2d 309, 318 (Tex.Cr.App.1988).

1. Section 19.06 has been amended and recodified as TEX.CODE CRIM.PROC. art. 38.36 (Vernon Supp.1995), effective September 1, 1994.

However, Section 19.06 does not change, limit, or extend the general rules of evidence, and has not broadened the bases for the admission of evidence. *Fielder*, 756 S.W.2d at 318; *Werner*, 711 S.W.2d at 644; *Richardson v. State*, 860 S.W.2d 214, 216 (Tex.App.—Fort Worth 1993, no pet.). Consequently, Section 19.06 would not extend the rules to admit hearsay testimony which would be otherwise inadmissible merely because it tends to show the accused's state of mind at the time of the offense. *See Vann v. State*, 853 S.W.2d 243, 249 (Tex.App.—Corpus Christi 1993, pet. ref'd); *Richardson*, 860 S.W.2d at 216.

Appellant claims that the statements in the instant case did not constitute hearsay since they were offered only to show what was said and what Appellant did in reaction to the statement. However, the statements of the deceased could have had no bearing on Appellant's state of mind to the extent that he acted in compliance with the deceased's directives, unless the statements were accepted as true. *See Van Byrd v. State*, 605 S.W.2d 265, 269 (Tex.Cr.App.1980); *Callaway v. State*, 818 S.W.2d 816, 828 (Tex. App.—Amarillo 1991, pet. ref'd). For Appellant to have reacted based upon the state of mind that he claims, the conversational statements made by the deceased had to be taken as true, *see Callaway*, 818 S.W.2d at 828, and would constitute inadmissible hearsay. *See* Tex.R.Crim.Evid. 801(d); Tex.R.Crim.Evid. 802. Consequently, the trial court did not err in sustaining the State's hearsay objection to the proffered testimony. Point of error eight is overruled.

In point of error number nine, Appellant claims that he was denied due process and a fair trial based upon the cumulative effect of the errors committed during trial. In light of the disposition of the foregoing points, an argument grounded on cumulative error must be overruled. *Stoker v. State*, 788 S.W.2d 1, 18 (Tex.Cr.App.1989), *cert. denied*, 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990); *McDuffie v. State*, 854 S.W.2d 195, 220 (Tex.App.—Beaumont 1993, pet. ref'd). Additionally, we note that this is not a proper point of error, and it presents nothing for review. *Stoker*, 788 S.W.2d at 18; *Davis v.*

*State*, 513 S.W.2d 928, 931 (Tex.Cr.App.1974); *Hollis v. State*, 509 S.W.2d 372, 375 (Tex.Cr.App.1974); *Christopher v. State*, 819 S.W.2d 173, 178 (Tex.App.—Tyler 1991, pet. ref'd). Point nine is overruled.

The judgment of the trial court is affirmed.