#07-97-0347-CR



NO. 07-97-0347-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JULY 22, 1999



______________________________




RONNIE FREEMAN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 96-422758; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before BOYD, C.J., JOHNSON, J., and REYNOLDS, SJ. (1) 

ON ABATEMENT AND REMAND


 On July 17, 1997, appellant Ronnie Freeman was found guilty of the offense of murder in the
first degree and his punishment was assessed at life confinement in the Institutional Division of the
Department of Criminal Justice. From this conviction, he gave timely notice of appeal.

 We have received the clerk's and reporter's records in this case. However, we have never
received an appellant's brief. On July 21, 1998, this appeal was abated and the cause remanded to
the trial court for a determination as to the status of the appeal and, if appellant still desired to
continue his appeal, to determine if other steps, such as the appointment of an appellate attorney,
needed to be taken to ensure the diligent prosecution of the appeal. 

 In compliance with our abatement order of July 21, 1998, the trial court held a hearing on the
matter. At that hearing, it determined that appellant still desired to pursue his appeal. It also
determined that Mike Brown had been appointed to represent appellant on the appeal and Brown
confirmed the appointment. At the time of the hearing, the appellate attorney informed the trial court
that he had read the record and was prepared to complete the appellate brief promptly. This court
received and granted motions for extension of time with the last such extension of time expiring on
May 20, 1999. Since that time, we have not received an appellate brief nor have we received any
other motion for extension of time within which to file a brief.

 That sequence of events again requires us to call for a hearing as provided in Texas Rule of
Appellate Procedure 38.8(b). Accordingly, this appeal is abated and the cause is remanded to the 
140th District Court of Lubbock County.

 Upon remand, the judge of the trial court shall immediately cause notice to be given of, and
to conduct, a hearing to determine whether:

 1. Appellant has abandoned his appeal.

In the event appellant still desires to prosecute his appeal, the trial court shall further determine
whether:

 2. Appellant is still indigent, and if so, whether other counsel should be appointed to
represent him, and if so, the name, address, and State Bar of Texas identification
number of counsel appointed.


 3. Additional orders are needed to ensure the diligent pursuit of appellant's appeal.

 In support of its determination, the trial court shall prepare and file written findings of fact
and conclusions of law and cause them to be included in a supplemental clerk's record. In addition,
the trial court shall cause a transcription of the hearing to be prepared and included in a supplemental
reporter's record. The supplemental clerk's and reporter's records shall be submitted to the clerk of
this court not later than August 23, 1999.

 It is so ordered. 

 Per Curiam

Do not publish.

1. Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 


n propounding the argument, appellant fails to explain why he believed 1) the
confession constituted "detrimental" evidence and 2) no sound trial strategy justified the
action. Nor does he discuss how he was prejudiced by the reference to his confession. 
That is, it is his obligation to prove there existed a reasonable probability that but for the act,
the result would have differed. Thompson v. State, 9 S.W.3d at 812. By failing to explain
his conclusions and address prejudice, appellant did not adequately brief and preserve his
contention. Vasquez v. State, 22 S.W.3d 28, 31 (Tex. App. - Amarillo, no pet.).

 Second, even if the point had been adequately briefed and preserved, we
nonetheless see potential strategy underlying counsel's act. That is, appellant sought
probation and treatment for his sexual deviancy. Furthermore, testimony appears of record
indicating that treatment of sexual offenders, to be successful, required the offender to
"admit that they have a sexual deviancy problem." It may very well be that trial counsel
broached the topic of his client's confession to evince that his client not only recognized his
problem but also would be susceptible to treatment. (2) Indeed, in a portion of the confession,
appellant states that he was wrong to have had sex with the victim and that he regretted it,
and that comports with much of his testimony uttered during the punishment phase of the
trial. 

 Authority has recognized that being open and honest with a jury may be an effective
trial strategy. Varughese v. State, 892 S.W.2d 186, 196 (Tex. App.-Fort Worth 1994,pet.
ref'd.). It is reasonably conceivable that in alluding to the confession, appellant's trial
counsel was laying a foundation upon which the jury could ultimately award him community
supervision. Given this, we cannot say, upon the record before us, that the conduct at issue
did not arise from sound trial strategy. Nor can we say, given the record before us, that
appellant proved his trial counsel was ineffective.

Exclusion of Evidence


 Standard of Review

 Whether the trial court erred in excluding evidence depends upon whether it abused
its discretion. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990); Feldman
v. State, No. 73, 654, slip op. at 22, 2001 WL 1474208, at *10 (Tex. Crim. App. Nov. 21,
2001). Moreover, if it can be said that the decision fell within the zone of reasonable
disagreement, given the applicable law and pertinent facts, then discretion was not abused. 
Id. 

 Application of Standard

 Appellant next complains of the trial court's decision to exclude evidence of a prior
sexual relationship between his victim and a third-party. This evidence was supposedly
admissible to show that the victim "was not quite the susceptible, passive victim that the
state portrayed." We overrule the point.

 Rule 412 of the Texas Rules of Evidence controls the admission or rejection of
evidence involving prior sexual conduct. Therein, its creators declared that, in a prosecution
for sexual or aggravated sexual assault, evidence of specific instances of an alleged victim's
past sexual behavior is "not admissible" unless various criteria are met. Tex. R. Evid.
412(b). Nowhere does appellant address this rule. Nor does he attempt to illustrate that
one of the criteria justifying admission of the evidence was satisfied. So, given Rule 412(b)
and appellant's failure to illustrate that the rule is inapplicable, we cannot say that the trial
court's decision fell outside the zone of reasonable disagreement or constituted abused
discretion.

Exclusion of Confession


 Standard of Review

 The applicable standard of review is that mentioned under the immediately preceding
point of error. We refer the parties to it. 

 Application of Standard 

 Appellant finally contends that the trial court erred in excluding his confession from
evidence. Same was admissible, according to appellant, to show his "remorse and . . .
willingness to take responsibility for his actions." We overrule the point.

 At trial, appellant testified about his responsibility for and regret over his conduct. 
Having done so, he effectively placed before the jury evidence of his "remorse and . . .
willingness to take responsibility for his action." Because this evidence of supposed regret
and remorse was admitted through alternate sources, we find no abused discretion in the
trial court's decision to exclude the confession. Amis v. State, 910 S.W.2d 511, 516 (Tex.
App.-Tyler 1995, pet. ref'd.).

 Accordingly, the judgment is affirmed.


 Brian Quinn

 Justice



Do not publish.

 
1. We find it a bit perplexing that, via his first point, appellant accuses his attorney of being ineffective
because he solicited information regarding the confession during the guilt innocence phase of the trial but
then complains, via point three, that the trial court erred in refusing to admit evidence of the same confession
during the punishment phase. 
2. That this is a reasonable supposition is exemplified by counsel's closing argument during the
punishment phase. Therein, he argues that his client is not asking for probation because he "got caught" but
because "[h]e confessed and made a clean breast of it right then," when he was arrested. (Emphasis added). 
Indeed, appellant acknowledges the existence of this potential trial strategy in point three of his brief. There
he states that he "may have been attempting to introduce [the confession] at the punishment phase to
demonstrate to the jury that he had cooperated with the authorities from the beginning and in no way tried
to hide his guilt." Attempting to introduce the same evidence during the guilt innocence phase may well have
been the first steps down that particular avenue of strategy.