NO. 07-01-0045-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 12, 2001


______________________________



JOHN EDWARD JAROCH
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 180TH DISTRICT COURT OF HARRIS COUNTY;



NO. 834,213; HON. DEBBIE STRICKLIN, PRESIDING


_______________________________



Before BOYD, C.J., QUINN, and REAVIS, JJ. 

 John Edward Jaroch (appellant) appeals his conviction for sexual assault of a child. 
Through three issues, he contends that 1) his counsel was ineffective, 2) the trial court
erred in excluding testimony regarding the victim's prior sexual conduct, and 3) the trial
court erred in excluding his written confession during punishment. We affirm.

Background


 Appellant, a 31 year old male, came in contact with his 14 year old male victim
through the use of a gay "teen chat room" on the internet. Eventually, the two arranged
to meet near the victim's home in Katy, Texas. Appellant took the victim to his hotel room
where they smoked marijuana and performed oral sex upon each other. This relationship
continued overtime, and the sexual conduct in which the two engaged (while the victim was
under 17 years of age) included anal sex as well. 

 The State indicted appellant for sexual assault. Upon being tried by a jury of his
peers, appellant was found guilty and sentenced to twelve years in prison.

 Ineffective Assistance of Counsel


 Standard of Review

 The standard of review applicable to claims of ineffective assistance is well-known
and will not be repeated here. We find it sufficient to merely refer the litigants to Thompson
v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999) and Beck v. State, 976 S.W.2d 265 (Tex.
App.--Amarillo 1998, pet. ref'd.) for an explanation of same. 

 Application of Standard

 Appellant contends that his defense counsel was ineffective because "he brought out
through cross-examination of a deputy the fact that [a]ppellant had confessed." (1) This act
violated counsel's purported duty "to attempt through all legal means to have evidence
detrimental to his client suppressed." Furthermore, "no conceivable reason" or "sound trial
strategy" justified the action, concludes appellant. We overrule the point.

 First, in propounding the argument, appellant fails to explain why he believed 1) the
confession constituted "detrimental" evidence and 2) no sound trial strategy justified the
action. Nor does he discuss how he was prejudiced by the reference to his confession. 
That is, it is his obligation to prove there existed a reasonable probability that but for the act,
the result would have differed. Thompson v. State, 9 S.W.3d at 812. By failing to explain
his conclusions and address prejudice, appellant did not adequately brief and preserve his
contention. Vasquez v. State, 22 S.W.3d 28, 31 (Tex. App. - Amarillo, no pet.).

 Second, even if the point had been adequately briefed and preserved, we
nonetheless see potential strategy underlying counsel's act. That is, appellant sought
probation and treatment for his sexual deviancy. Furthermore, testimony appears of record
indicating that treatment of sexual offenders, to be successful, required the offender to
"admit that they have a sexual deviancy problem." It may very well be that trial counsel
broached the topic of his client's confession to evince that his client not only recognized his
problem but also would be susceptible to treatment. (2) Indeed, in a portion of the confession,
appellant states that he was wrong to have had sex with the victim and that he regretted it,
and that comports with much of his testimony uttered during the punishment phase of the
trial. 

 Authority has recognized that being open and honest with a jury may be an effective
trial strategy. Varughese v. State, 892 S.W.2d 186, 196 (Tex. App.-Fort Worth 1994,pet.
ref'd.). It is reasonably conceivable that in alluding to the confession, appellant's trial
counsel was laying a foundation upon which the jury could ultimately award him community
supervision. Given this, we cannot say, upon the record before us, that the conduct at issue
did not arise from sound trial strategy. Nor can we say, given the record before us, that
appellant proved his trial counsel was ineffective.

Exclusion of Evidence


 Standard of Review

 Whether the trial court erred in excluding evidence depends upon whether it abused
its discretion. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990); Feldman
v. State, No. 73, 654, slip op. at 22, 2001 WL 1474208, at *10 (Tex. Crim. App. Nov. 21,
2001). Moreover, if it can be said that the decision fell within the zone of reasonable
disagreement, given the applicable law and pertinent facts, then discretion was not abused. 
Id. 

 Application of Standard

 Appellant next complains of the trial court's decision to exclude evidence of a prior
sexual relationship between his victim and a third-party. This evidence was supposedly
admissible to show that the victim "was not quite the susceptible, passive victim that the
state portrayed." We overrule the point.

 Rule 412 of the Texas Rules of Evidence controls the admission or rejection of
evidence involving prior sexual conduct. Therein, its creators declared that, in a prosecution
for sexual or aggravated sexual assault, evidence of specific instances of an alleged victim's
past sexual behavior is "not admissible" unless various criteria are met. Tex. R. Evid.
412(b). Nowhere does appellant address this rule. Nor does he attempt to illustrate that
one of the criteria justifying admission of the evidence was satisfied. So, given Rule 412(b)
and appellant's failure to illustrate that the rule is inapplicable, we cannot say that the trial
court's decision fell outside the zone of reasonable disagreement or constituted abused
discretion.

Exclusion of Confession


 Standard of Review

 The applicable standard of review is that mentioned under the immediately preceding
point of error. We refer the parties to it. 

 Application of Standard 

 Appellant finally contends that the trial court erred in excluding his confession from
evidence. Same was admissible, according to appellant, to show his "remorse and . . .
willingness to take responsibility for his actions." We overrule the point.

 At trial, appellant testified about his responsibility for and regret over his conduct. 
Having done so, he effectively placed before the jury evidence of his "remorse and . . .
willingness to take responsibility for his action." Because this evidence of supposed regret
and remorse was admitted through alternate sources, we find no abused discretion in the
trial court's decision to exclude the confession. Amis v. State, 910 S.W.2d 511, 516 (Tex.
App.-Tyler 1995, pet. ref'd.).

 Accordingly, the judgment is affirmed.


 Brian Quinn

 Justice



Do not publish.

 
1. We find it a bit perplexing that, via his first point, appellant accuses his attorney of being ineffective
because he solicited information regarding the confession during the guilt innocence phase of the trial but
then complains, via point three, that the trial court erred in refusing to admit evidence of the same confession
during the punishment phase. 
2. That this is a reasonable supposition is exemplified by counsel's closing argument during the
punishment phase. Therein, he argues that his client is not asking for probation because he "got caught" but
because "[h]e confessed and made a clean breast of it right then," when he was arrested. (Emphasis added). 
Indeed, appellant acknowledges the existence of this potential trial strategy in point three of his brief. There
he states that he "may have been attempting to introduce [the confession] at the punishment phase to
demonstrate to the jury that he had cooperated with the authorities from the beginning and in no way tried
to hide his guilt." Attempting to introduce the same evidence during the guilt innocence phase may well have
been the first steps down that particular avenue of strategy.



n Locked="false" Priority="66" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium List 2 Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00161-CR AND 07-11-00162-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
31, 2011

 



 

MICHAEL EDWARD DAWN, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 60,245-E, 60,246-E; HONORABLE DOUGLAS WOODBURN, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant,
Michael Edward Dawn, appeals from judgments in two companion cases that
convicted appellant of two assaults on a family member.  Finding appellants notices of appeal are
untimely, we dismiss the appeals for want of jurisdiction.

            On
March 19, 2010, appellant pled guilty to both charges of assault on a family
member occurring during the same incident. 
Subject to a plea bargain agreement that was accepted by the trial
court, appellant was sentenced to eight years
incarceration for each offense.  On the
same day, the trial court certified that, in both cases, appellant had no right
of appeal and that appellant had waived his right of appeal.  See Tex.
R. App. P. 25.2.  Appellant filed
his notices of appeal in the trial court on April 13, 2011.

            By
letter dated April 20, 2011, this Court notified appellant that his notices of
appeal appeared to be late, and advised him that the Court would determine its
jurisdiction after May 20, 2011.  By this
same letter, the Court advised appellant that his appeals were subject to
dismissal unless the Court received amended certifications under Rule of
Appellate Procedure 25.2 providing that appellant has the right of appeal, or
he demonstrated other grounds for continuing the appeals, on or before, May 20,
2011.  Appellant has not responded to the
Courts notification and directive.

            In
a criminal case, the Texas Rules of Appellate Procedure require that notice of
appeal be filed within 30 days after the day that sentence is pronounced in
open court; or after the day that the trial court enters an appealable order;
or within 90 days after the day sentence is imposed or suspended in open court
if the defendant timely files a motion for new trial.  Tex.
R. App. P. 26.2.  As noted above,
appellants notice of appeal from the sentences that were imposed on March 19,
2010, were filed on April 13, 2011.

            Only
a timely notice of appeal invokes the jurisdiction of the court of
appeals.  See State
v. Riewe, 13 S.W.3d 408, 411 (Tex.Crim.App.
2000); Slaton v. State, 981 S.W.2d 208, 209-10 (Tex.Crim.App.
1998).  If an appeal is not timely
perfected, a court of appeals does not have jurisdiction to address the merits
of the appeal, and can take no action other than to dismiss the appeal.  See Olivio
v. State, 918 S.W.2d 519, 523 (Tex.Crim.App.
1999); Slaton, 981 S.W.2d at 210. 


            Further,
the rules that we must follow require us to dismiss an appeal in a criminal
case in the absence of certification showing the appellant has a right of
appeal.  See Tex. R. App. P. 25.2(d).  However, we are obligated to review the
record to determine whether the certifications filed in these cases are
defective.  See Dears v. State,
154 S.W.3d 610, 615 (Tex.Crim.App.
2005).  The clerks record in each of
these cases contain two separate waivers of appeal that were signed by
appellant as well as confirmation that appellant and the State had entered into
a plea bargain agreement under which the State would recommend that appellant
be sentenced to eight years incarceration for each
offense.  Thus, review
of the records in these cases confirm that the certifications are not
defective.

            Because
appellant did not file timely notices of appeal, we lack jurisdiction to
consider his appeals.  Accordingly, we
dismiss these appeals for want of jurisdiction.

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 

Do
not publish.