NO. 07-01-0045-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 12, 2001

_____

JOHN EDWARD JAROCH,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 180TH DISTRICT COURT OF HARRIS COUNTY;

NO. 834,213; HON. DEBBIE STRICKLIN, PRESIDING

_____

Before BOYD, C.J., QUINN, and REAVIS, JJ.

John Edward Jaroch (appellant) appeals his conviction for sexual assault of a child. Through three issues, he contends that 1) his counsel was ineffective, 2) the trial court erred in excluding testimony regarding the victim's prior sexual conduct, and 3) the trial court erred in excluding his written confession during punishment. We affirm.

### *Background*

Appellant, a 31 year old male, came in contact with his 14 year old male victim through the use of a gay "teen chat room" on the internet. Eventually, the two arranged

to meet near the victim's home in Katy, Texas. Appellant took the victim to his hotel room where they smoked marijuana and performed oral sex upon each other. This relationship continued overtime, and the sexual conduct in which the two engaged (while the victim was under 17 years of age) included anal sex as well.

The State indicted appellant for sexual assault. Upon being tried by a jury of his peers, appellant was found guilty and sentenced to twelve years in prison.

### *Ineffective Assistance of Counsel*

*Standard of Review*

The standard of review applicable to claims of ineffective assistance is well-known and will not be repeated here. We find it sufficient to merely refer the litigants to *Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999) and *Beck v. State*, 976 S.W.2d 265 (Tex. App.--Amarillo 1998, pet. ref'd.) for an explanation of same.

*Application of Standard*

Appellant contends that his defense counsel was ineffective because "he brought out through cross-examination of a deputy the fact that [a]ppellant had confessed."[1] This act violated counsel's purported duty "to attempt through all legal means to have evidence detrimental to his client suppressed." Furthermore, "no conceivable reason" or "sound trial strategy" justified the action, concludes appellant. We overrule the point.

First, in propounding the argument, appellant fails to explain why he believed 1) the

---

[1]We find it a bit perplexing that, via his first point, appellant accuses his attorney of being ineffective because he solicited information regarding the confession during the guilt innocence phase of the trial but then complains, via point three, that the trial court erred in refusing to admit evidence of the same confession during the punishment phase.

2

confession constituted "detrimental" evidence and 2) no sound trial strategy justified the action. Nor does he discuss how he was prejudiced by the reference to his confession. That is, it is his obligation to prove there existed a reasonable probability that but for the act, the result would have differed. *Thompson v. State*, 9 S.W.3d at 812. By failing to explain his conclusions and address prejudice, appellant did not adequately brief and preserve his contention. *Vasquez v. State,* 22 S.W.3d 28, 31 (Tex. App. – Amarillo, no pet.).

Second, even if the point had been adequately briefed and preserved, we nonetheless see potential strategy underlying counsel's act. That is, appellant sought probation and treatment for his sexual deviancy. Furthermore, testimony appears of record indicating that treatment of sexual offenders, to be successful, required the offender to "admit that they have a sexual deviancy problem." It may very well be that trial counsel broached the topic of his client's confession to evince that his client not only recognized his problem but also would be susceptible to treatment.[2] Indeed, in a portion of the confession, appellant states that he was wrong to have had sex with the victim and that he regretted it, and that comports with much of his testimony uttered during the punishment phase of the trial.

Authority has recognized that being open and honest with a jury may be an effective trial strategy. *Varughese v. State*, 892 S.W.2d 186, 196 (Tex. App.–Fort Worth 1994,pet.

---

[2]That this is a reasonable supposition is exemplified by counsel's closing argument during the punishment phase. Therein, he argues that his client is not asking for probation because he "got caught" but because "[*h]e confessed and made a clean breast of it* right then," when he was arrested. (Emphasis added). Indeed, appellant acknowledges the existence of this potential trial strategy in point three of his brief. There he states that he "may have been attempting to introduce [the confession] at the punishment phase to demonstrate to the jury that he had cooperated with the authorities from the beginning and in no way tried to hide his guilt." Attempting to introduce the same evidence during the guilt innocence phase may well have been the first steps down that particular avenue of strategy.

ref'd.). It is reasonably conceivable that in alluding to the confession, appellant's trial counsel was laying a foundation upon which the jury could ultimately award him community supervision. Given this, we cannot say, upon the record before us, that the conduct at issue did not arise from sound trial strategy. Nor can we say, given the record before us, that appellant proved his trial counsel was ineffective.

### *Exclusion of Evidence*

*Standard of Review*

Whether the trial court erred in excluding evidence depends upon whether it abused its discretion. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990); *Feldman v. State,* No. 73, 654, slip op. at 22, 2001 WL 1474208, at *10 (Tex. Crim. App. Nov. 21, 2001). Moreover, if it can be said that the decision fell within the zone of reasonable disagreement, given the applicable law and pertinent facts, then discretion was not abused. *Id.*

*Application of Standard*

Appellant next complains of the trial court's decision to exclude evidence of a prior sexual relationship between his victim and a third-party. This evidence was supposedly admissible to show that the victim "was not quite the susceptible, passive victim that the state portrayed." We overrule the point.

Rule 412 of the Texas Rules of Evidence controls the admission or rejection of evidence involving prior sexual conduct. Therein, its creators declared that, in a prosecution for sexual or aggravated sexual assault, evidence of specific instances of an alleged victim's past sexual behavior is "not admissible" unless various criteria are met. TEX. R. EVID.

4

412(b). Nowhere does appellant address this rule. Nor does he attempt to illustrate that one of the criteria justifying admission of the evidence was satisfied. So, given Rule 412(b) and appellant's failure to illustrate that the rule is inapplicable, we cannot say that the trial court's decision fell outside the zone of reasonable disagreement or constituted abused discretion.

## Exclusion of Confession

*Standard of Review*

The applicable standard of review is that mentioned under the immediately preceding point of error. We refer the parties to it.

*Application of Standard*

Appellant finally contends that the trial court erred in excluding his confession from evidence. Same was admissible, according to appellant, to show his "remorse and . . . willingness to take responsibility for his actions." We overrule the point.

At trial, appellant testified about his responsibility for and regret over his conduct. Having done so, he effectively placed before the jury evidence of his "remorse and . . . willingness to take responsibility for his action." Because this evidence of supposed regret and remorse was admitted through alternate sources, we find no abused discretion in the trial court's decision to exclude the confession. *Amis v. State*, 910 S.W.2d 511, 516 (Tex. App.–Tyler 1995, pet. ref'd.).

Accordingly, the judgment is affirmed.


Brian Quinn

5

Justice

Do not publish.