Maurice CONERWAY, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–85–050–CR.

Court of Appeals of Texas, Houston (14 Dist.).

Nov. 27, 1985.

D. Brooks Cofer, Jr., Bryan, for appellant.

Charles Sebesta, Jr., Dist. Atty., Caldwell, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a conviction for theft of cattle. We affirm.

On April 2, 1984, John Hendrix, while gathering pecans on the land of Jesse Dix, saw a man rope a calf, tie it to a tree, place a water pail in front of it, rope another calf, and tie it to the same tree. Being suspicious, Hendrix called Junior Dix who told him the calves belonged to Jesse Dix. Hendrix returned that night to cut the calves loose and found that now three calves were tied to the tree. After being cut loose, one of the calves remained on the ground and did not move. The next morning, Jesse Dix and Hendrix took the calf to the veterinarian's office where it then died. Hendrix identified appellant as the man who roped the calves and tied them to the tree. Jesse Dix testified that appellant neither had permission to be on his land nor to rope his calves.

Appellant pled not guilty to the offense of theft of cattle. The jury found him guilty, and the court assessed punishment at five years confinement in the Texas Department of Corrections and a $1,000 fine.

Appellant brings three grounds of error. In the first, he argues that the trial court erred in denying his motion to set aside the indictment pursuant to the Speedy Trial Act. Appellant asserts that he was arrested on April 16, 1984, that the trial commenced on December 6, and, therefore, the 120 day requirement of the Speedy Trial Act was violated. There is, however, no evidence in the record as to when the appellant was arrested. The first indictment was quashed, and appellant was finally indicted on July 25, 1984. We have no date for the first indictment. Therefore, July 25th must be the starting date to determine whether there was a violation of a Speedy Trial Act. Taking into account at least two agreed postponements, clearly in the record, the trial commenced 113 days after the indictment. The first ground of error is overruled.

In his second ground of error, appellant contends that the trial court

**304**

erred in not granting a mistrial after an improper comment by the court during the voir dire of the jury panel. The state asked the jury panel if they could accept a particular set of circumstances as being theft. Appellant objected that it was a misstatement of the law. Then the following conversation took place:

> THE COURT: I'm not going to argue in front of the jury the state of the law in Texas. What I'm going to do is overrule the objection and let Mr. Sebesta continue. I think that was a proper question.
>
> MR. COFER: You think it's proper?
>
> THE COURT: I think the last one was proper, and I'm going to—
>
> MR. COFER: I would object to the comment by the Court in front of the jury, and ask for a mistrial at this time.
>
> THE COURT: The request for mistrial will be denied.

Appellant failed to obtain a clear ruling on his objection from the court and, therefore, waived any error that there might have been. Nothing is preserved for review. *Cain v. State*, 549 S.W.2d 707 (Tex.Crim. App.1977); *Johnson v. State*, 604 S.W.2d 128 (Tex.Crim.App.1980). Even if appellant had properly preserved this error, the comment neither benefited the state nor was calculated to prejudice appellant's rights. *See Jackson v. State*, 548 S.W.2d 685 (Tex.Crim.App.1977). The second ground of error is overruled.

■ In his third ground of error, appellant asserts that the evidence is insufficient to prove he acted with the intent to deprive the owner of the calves. The evidence showed that appellant did not have permission to be on Jesse Dix's property, to rope his calves, or to tie them to a tree. The question is not the actual deprivation of the property but the intent to deprive. Intent to deprive is determined from the words and acts of appellant. *Griffin v. State*, 614 S.W.2d 155 (Tex.Crim.App.1981). The standard of review is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that appellant was guilty of theft beyond a reasonable doubt. *Tis-*

*dale v. State*, 686 S.W.2d 110 (Tex.Crim. App.1984). We conclude that under the facts in the record, a rational trier of fact could have found beyond a reasonable doubt that appellant exercised control over the calves, without the owner's effective consent and intending to deprive the owner thereof. The third ground of error is overruled.

The judgment of the trial court is affirmed.