**Daniel OSTOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–85–00032–CR.

Court of Appeals of Texas,
El Paso.

July 16, 1986.

Duane A. Baker, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

Daniel Ostos was convicted of voluntary manslaughter by a jury which assessed his punishment at ten years confinement. His codefendant was acquitted by the jury. We reverse and remand.

■ Appellant contends in his first ground of error that he was denied his constitutional right to due process of law because of repeated prejudicial statements by the trial judge. He relies upon Amendment 14, section 1, of the United States Constitution and Article I, section 19, of the Texas Constitution, both of which guarantee against the deprivation of one's liberty without due process of law. The main complaint is that the trial judge throughout the trial made comments and rulings aimed at aiding the prosecution and prejudicing the rights of the Appellant. Nearly all of the complaints concern statements made outside the presence of the jury and we believe did not affect their verdict. Any error in an improper comment that testimony by a particular witness would be important and that the witness should use the microphone was cured when the judge advised the jury to disregard his statement. *Hernandez v. State*, 507 S.W.2d 209 (Tex. Crim.App.1974). Another comment before the jury that "I don't think I have any choice right now" resulted in his admitting evidence offered by the defense and did not prejudice the rights of the Appellant. Although many of the comments during trial were unnecessary, most of them were not heard by the jury and did not result in a denial of due process of law. Ground of Error No. One is overruled.

The Appellant next contends the trial court erred in repeatedly commenting on the weight of the evidence and in making comments calculated to convey an opinion of the case to the jury. Again, most of the complaints are about comments made outside the presence of the jury. Also, there are no specific objections which would preserve error as to most of the comments made by the trial court. *Hovila v. State*, 562 S.W.2d 243 (Tex.Crim.App.1978). The court's instruction cured the error in one instance, as previously noted. Ground of Error No. Two is overruled.

■ Next, Appellant asserts the trial court erred in allowing testimony as to an extraneous offense which was irrelevant to any issue in the case. The Appellant offered evidence that he had a reputation for being a peaceful and law abiding citizen. The State in rebuttal called a police officer who testified, over defense counsel's objection, that he had arrested Appellant after a high speed automobile chase in Las Cruces, New Mexico, on January 1, 1980. The officer testified that after the Appellant stopped his car, the Appellant threatened the officer's life. He testified that Appellant was placed under arrest, but did not testify as to the charge made against him or the disposition of such charge.

The Appellant relies upon the holdings in *Albrecht v. State*, 486 S.W.2d 97 (Tex.Crim. App.1972) and *Plante v. State*, 692 S.W.2d 487 (Tex.Crim.App.1985), for excluding evidence of extraneous offenses. The State responds that having offered evidence that Appellant had a reputation for being a peaceful and law-abiding citizen, the rebuttal testimony of the police officer was admissible.

The testimony of Warrant Officer Earl Campbell, called as a witness by counsel for the codefendant, was as follows:

Q. Back at this same time, you know Mr. Ostos' reputation for being peaceful and a law-abiding citizen?

A. Yes.

Q. And what was his reputation?

A. Very quiet and very peaceful; no problems with him.

Q. A reputation of being good?

A. Yes. Good reputation.

On cross-examination, he testified in answer to a question by counsel for the State as follows:

Q. Have you heard that on January the 1st, 1980, the Defendant Daniel Ostos allegedly was charged with verbal assault?

A. No.

After the defense rested its case, the State called the police officer from Las Cruces in rebuttal to prove the arrest of the Appellant on an unrelated charge.

In *Albrecht v. State*, supra, the court said:

This court has consistently held that an accused is entitled to be tried on the accusation made in the state's pleading and that he should not be tried for some collateral crime or for being a criminal generally.

The court did recognize exceptions to the rule and specifically enumerated six instances where extraneous offenses are admissible. None of the listed exceptions are applicable in this case. Instead, the State argues that the evidence was admissible to rebut the testimony that the Appellant had a good reputation as a peaceful and law-abiding citizen. Had Officer Campbell only said such reputation was good, the issue would not even be close. Such rebuttal evidence would be inadmissible.

The old familiar "have you heard" question is permitted "to test the credibility of the witness' testimony concerning the accused's reputation." *Hoffert v. State*, 623 S.W.2d 141 (Tex.Crim.App.1981). But, whether by such a question or other direct evidence, it is improper to attempt to assert the extraneous offense as a matter of fact. *Sisson v. State*, 561 S.W.2d 197 (Tex.Crim. App.1978). In this case, when the prosecutor failed to get an affirmative answer on the "have you heard" question, he then chose to offer direct evidence of the extraneous offense by the arresting officer.

In both *Reese v. State*, 531 S.W.2d 638 (Tex.Crim.App.1976) and *Ex parte Carter*, 621 S.W.2d 786 (Tex.Crim.App.1981), the court permitted evidence of arrest on extraneous charges where the defendants by their own testimony left a false impression as to their having been "in trouble with the law" and thereby "opened the door" for the prosecution to prove the truth as to the arrest records. While it might be argued that the statement, "[v]ery quiet and very peaceful; no problems with him," opened the door in this case, we feel otherwise. The statement is not one that Appellant never had any trouble with the law. It is only a statement that this Warrant Officer never had any trouble with the Appellant and had found him very peaceful in their relationship. The proof of an extraneous arrest in Las Cruces, New Mexico, does not impeach the testimony of Officer Campbell.

We believe the basic rule of exclusion of extraneous offenses should be applied unless the exception is clearly established. In this case, the State was permitted to question the witness' credibility with the "have you heard" question. It should not have then offered direct evidence to assert the extraneous offense as a matter of fact. Ground of Error No. Three is sustained.

■ The Appellant contends in his last ground of error that the trial court erred in excluding exculpatory evidence proffered by the Appellant in the form of res gestae testimony by Rudolfo Minjarez. By such testimony, the defense attempted to show that immediately after the shooting, when the Appellant and this witness got into a car, Mr. Ostos made the statement that he saw the deceased going for his gun. Although the court excluded such evidence from this particular witness on an objection that it was hearsay, the same testimony was received into evidence from the Appellant himself. Since the evidence was before the jury, no reversible error is shown. *Womble v. State*, 618 S.W.2d 59 (Tex.Crim. App.1981). Ground of Error No. Four is overruled.

The judgment of the trial court is reversed and the case is remanded for a new trial.