Leonard Alston WRIGHT, Jr.,
Appellant,

v.

The STATE of Texas, Appellee.

No. 13–88–459–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1989.

Rehearing Denied
Sept. 28, 1989.

Mark Alexander, McAllen, for appellant.

Rene Guerra, Dist. Atty., Theodore C. Hake, Jack D. Hunter, II, Asst. Dist. Attys., Edinburg, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant guilty of aggravated sexual assault. After appellant pled true to the enhancement paragraph, the court assessed punishment at thirty-five years in the Texas Department of Corrections. By seven points of error, appellant contends the trial court erred in its evidentiary rulings and by its conduct depriving him of his state and federal constitutional rights to a fair trial. We affirm the trial court's judgment.

By points of error 1, 2 and 3 appellant complains of the court's refusal to admit evidence. By points of error 4 and 5, appellant complains of the court's admission of certain evidence. Points 6 and 7 concern appellant's contention he was denied his right to a fair trial.

Although the sufficiency of the evidence is not challenged on appeal, a brief discussion of the facts is helpful. The evidence showed that the victim, age nine, was at appellant's house when he sexually assaulted her. Appellant was her uncle. A couple of months after the incident, she told her sister and mother what happened. Dr. Maria Dill examined the victim. Dr. Dill testified that her examination revealed that the child had been sexually abused and had lesions consistent with herpes although a lab test for herpes was negative. Appellant denied the accusation. He testified that the charges stemmed from a disagreement between him and the victim's mother shortly before the alleged incident.

By point of error one, appellant contends the court erred by refusing to allow him to put on evidence concerning the truth and veracity of one of the State's witnesses, Neita Krska (the victim's mother). The State argues that the complaint was not properly preserved, and even if it was, it was not reversible error.

Krska testified regarding the statements the victim made to her, her subsequent actions, and appellant's prior bad acts. On cross examination, the defense attempted to impeach Krska with evidence of two prior convictions of theft of property. Krska admitted these convictions and explained they involved hot checks.

■ After Krska's testimony and outside the presence of the jury, appellant's counsel told the court that he had some witnesses to testify about Krska's reputation in the community for truth and veracity. The identities of the witnesses and the substance of their testimony was not revealed. The State objected that it was irrelevant and that Krska had already been impeached. The court said it would not allow the testimony. The following occurred:

Defense Counsel: Note our exception, Your Honor.

The Court: You may do so. You may have your exception. If you wish to

make a record or perfect a bill, you may do so.

. . . .

The Court: I would suggest, [defense counsel]—again, you have every right to perfect your bill. If you want to do so, I will allow you to do so at the end of trial. Anything further?

Defense Counsel: Your Honor, let me excuse the witness then.

Defense counsel never requested an opportunity to make an offer of proof or a bill of exception prior to the court giving the charge to the jury. We agree with the State that the alleged error has not been properly presented for our review since a bill of exception or offer of proof allowing us to judge the context and significance of the testimony that would have been developed is absent from the record. *Guerra v. State,* 760 S.W.2d 681, 694 (Tex.App.—Corpus Christi 1988, pet. ref'd); *Brown v. State,* 750 S.W.2d 340, 341 (Tex.App.—Beaumont 1988, no pet.); Tex.R.App.P. 52(b); Tex.R.Crim.Evid. 103(a)(2). Point of error one is overruled.

■ By point of error two, appellant complains that the trial court erred by denying him the opportunity to question his witness. During direct examination of one of his witnesses, defense counsel asked what another witness had told him. The State objected on hearsay grounds. The trial court sustained the objection. On appeal, appellant contends that the evidence should have been admitted because although it was hearsay, it could be offered for the limited purpose of impeachment. However, no argument was made at trial that the evidence was being offered for the limited purpose of impeachment. Rule 105 of the Texas Rules of Criminal Evidence provides that when evidence which is admissible for one purpose but not admissible for another purpose is excluded, such exclusion shall not be a ground for complaint on appeal unless the proponent expressly offers the evidence for its limited admissible purpose. Tex.R.Crim.Evid. 105. This point of error is overruled.

■ By point of error three, appellant contends the trial court committed reversi-

ble error when it instructed the jury to disregard two questions propounded to the victim's mother during cross-examination. It is the following testimony which is at issue:

DEFENSE COUNSEL: Did you ever accuse your husband Ted of sexually molesting your daughter Lola? [Lola was the victim's sister].

KRSKA: No, I have not.

DEFENSE COUNSEL: Isn't it true that you accused your husband Ted of sexually molesting Lola on several occasions?

The State objected. The court then instructed the jury to disregard the last two questions in their entirety. Appellant complains on appeal that the questions were relevant, and that he was harmed because the line of inquiry was important to show there was another potential suspect.

■ Appellant's point is without merit. Given the extremely prejudicial nature of the line of questioning appellant pursued and the lack of anything in the record to indicate a basis for the line of inquiry, the trial court did not abuse its discretion. Tex.R.Crim.Evid. 403. Moreover, even if the trial court had erroneously excluded the evidence, such error would be harmless for two reasons. Initially, the first question was answered negatively, so it was of no value for its claimed purpose. Secondly, following Krska's testimony, the State put Krska's husband, Ted, on the stand. He testified that he had never been accused by his wife of sexually abusing Lola. Therefore, the evidence that was excluded was later provided to the jury, so the exclusion would not be reversible error. *Womble v. State,* 618 S.W.2d 59, 62 (Tex.Crim.App. 1981); *Ostos v. State,* 713 S.W.2d 402 (Tex. App.—El Paso 1986, pet. ref'd). Point of error three is overruled.

■ By point of error four, appellant complains the doctor's testimony was inadmissible hearsay. Dr. Dill testified about her examination of the victim. When asked what the victim told her, Dr. Dill said, over defense counsel's objection that the testimony was hearsay, the following:

(S)he (the victim) told me that sometime in August that she was invited to her uncle's house for watching a movie on a VCR. And she told me in her own words that her pants were pulled off. She did not tell me, specifically, when. I asked her if there had been anything done to her, and she nodded yes. And I said what happened. And I asked her what had happened; if whether or not there— that whether or not her uncle had had sexual intercourse with her, those were my words, and she nodded yes.

Prior to the admission of Dr. Dill's testimony, Dr. Dill's medical records were admitted into evidence without objection. These records included a report that provided almost identical evidence. The records say that the victim told Dr. Dill that "while at her uncle's house watching VCR in late August he pulled off her clothes touch (sic) her in her perineum and had sexual intercourse." Since appellant made no objection to the earlier evidence, appellant waived his claim of error. *Cruz v. State*, 762 S.W.2d 624, 626 (Tex.App.—Houston [14th Dist.] 1988, no pet.); *Crocker v. State*, 573 S.W.2d 190, 201 (Tex.Crim.App.1978); *see also* Tex.R.App.P. 52(a); Tex.R.Crim.Evid. 103.

■ By point of error five, appellant complains the trial court committed reversible error by overruling defense counsel's objection and denying his request for an instruction. During direct examination of the victim's mother, the State asked the following question:

Q. All right. Would you tell the ladies and gentlemen of the jury how you feel about testifying here, Ms. Krska?

A. Well, it's a really rough situation because it's my child, but it's also my brother. And I'm ten years older than my brother, and I watched him grow up. And I helped my mother a lot— she worked when I was young—to help take care of him. And I love him. But I love my child more. And I feel like something has to be done.

It may be your child next—

MR. WRIGHT: Your Honor, I'm gonna object to the witness making a jury argument, and I ask that the jury be instructed to disregard it.

THE COURT: Overruled.

While appellant's objection at trial was that the witness was making a jury argument, the appellate complaint focuses on the alleged prejudicial nature and nonresponsiveness of the remark "It may be your child next—". It is well-settled law that the point of error presented on appeal must be the same as the objection raised at trial or nothing is presented for review. *Burdine v. State*, 719 S.W.2d 309, 319 (Tex.Crim.App.1986), *cert. denied* 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987); *Adams v. State*, 669 S.W.2d 339, 343 (Tex. App.—Corpus Christi 1984), *aff'd*, 707 S.W.2d 900 (Tex.Crim.App.1986). Since the trial objection differs, and it is not apparent from the record that the trial judge was aware of the appellate objections, we find the error is not properly before us.

By points of error six and seven, appellant contends he was denied due process and a fair trial in violation of the Texas Constitution, article I, sections 10 and 19, and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. He also claims articles 2.01, 2.03, and 38.05 of the Texas Code of Criminal Procedure were violated.

■ Appellant presents twelve instances of alleged improper trial conduct. Five of the examples complain of the merits of the trial court's rulings as covered in points of error one through five so no further elaboration is necessary. Six instances involve the trial court's comments made in the presence of the jury during the trial. A brief summary of the six incidents follows:

1) After repeated attempts by defense counsel to exclude evidence on hearsay grounds, the court said the evidence came within an exception.

2) After overruling the defense counsel's objection to evidence, the court said defense counsel "opened the door".

3) After defense counsel's request to file a motion, the court denied the request saying it was untimely.

4) After sustaining the State's objection to evidence, the court *sua sponte* instructed the jury to disregard the objected to evidence.

5) When the young child victim was called to the stand, the court said, "Hi, (victim's name), I want you to not be nervous, okay? Nobody's gonna hurt you here, okay? We'll take care of you."

6) After the appellant was sworn in and started to testify, the court *sua sponte* read appellant his *Miranda* rights in the presence of the jury.

No objection was made at trial to the trial court's remarks in these six instances, so nothing is presented for review. *Varela v. State,* 561 S.W.2d 186, 192 (Tex.Crim.App. 1978); *Rodriguez v. State,* 749 S.W.2d 576, 580 (Tex.App.—Corpus Christi 1988, pet. ref'd); *Conerway v. State,* 701 S.W.2d 302, 304 (Tex.App.—Houston [14th Dist.] 1985, no pet.).

Appellant contends his right to due process and a fair trial as guaranteed by the State and Federal Constitutions were violated by the court's actions of initiating or participating in the plea bargain process.[1] Beyond these broad allegations, appellant only complains in general terms that the court assisted the prosecution or took on the role of the prosecutor and commented on the weight of the evidence.

The trial court held an in-chambers conference on its court's own motion with the State and defense attorney present. Although the conference was not transcribed, afterwards the trial court included into the record a description of what transpired as follows:

The Court: Mr. Wright, for your information, I want you to know, and I want the record to reflect, that there was an in-chambers conference at the invitation of the Court, on the Court's own motion,

wherein the prosecution was present and the defense attorney was present. At which time, I informed [defense attorney] that if, indeed, you wanted to change your plea, at this time, that the Court having—or would participate in the plea bargain and assure the defendant, yourself, that if, indeed, you entered a plea of guilty that there would be a sentence of no more than twenty years incarceration in the Texas Department of Corrections.

The court then questioned appellant whether his attorney communicated the offer and if appellant decided against it. Appellant said he was informed of the offer and decided against it. The trial court then asked appellant whether his decision not to accept the offer was made freely and voluntary; appellant said it was. All this was discussed outside the presence of the jury and without any objections from defense counsel.

■■■■ The trial court's involvement in the attempted plea negotiation was improper. The participation of the trial judge in plea discussions prior to an agreement being reached has been disfavored on the basis that the power and position of the judge may improperly influence the defendant to enter a guilty plea. *Perkins v. Court of Appeals,* 738 S.W.2d 276, 282 (Tex.Crim.App.1987); *Ex parte Williams,* 704 S.W.2d 773, 777 n. 6 (Tex.Crim.App. 1986); *Ex parte Shuflin,* 528 S.W.2d 610, 617 n. 1 (Tex.Crim.App.1975). The trial court's conduct could not have influenced the jury since the jury was unaware of it, and it apparently did not influence the appellant to change his plea. Accordingly, we find the appellant's argument that he was denied due process and a fair trial are not supported by the facts.[2]

---

1. Appellant's complaints regarding article 2.01, 2.03 and 38.05 are inapplicable.

2. *See Ex parte Shuflin,* 528 S.W.2d 610; *Kincaid v. State,* 500 S.W.2d 487 (Tex.Crim.App.1973); *Ostos,* 713 S.W.2d at 403. *Compare with Webb v. Texas,* 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972) (trial court intimidated witness to such extent witness declined to testify); *Kincade*

*v. State,* 552 S.W.2d 832 (Tex.Crim.App.1977) (trial court accused defense counsel of conceit, offered evidence sua sponte, and testified); *Norton v. State,* 771 S.W.2d 560 (Tex.App.—Houston [1st Dist.] 1988, no pet.) (court's statement that defendant was going to jail prior to trial showed bias).

The judgment of the trial court is AFFIRMED.