**MODIFY and AFFIRM, and DISMISS; Opinion Filed November 10, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-01281-CR

No. 05-13-01282-CR

No. 05-13-01283-CR

**FERNANDO ADRIAN MARTINEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-73063-J, F11-40692-J, & F13-01283-J**

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore, and Stoddart
Opinion by Justice Fillmore

Fernando Adrian Martinez was indicted on November 8, 2010, in cause number F10-73063-J, for theft of property valued at $20,000 or more, but less than $100,000 (the 2010 case). Martinez was subsequently indicted in cause number F11-40692-J for attempted theft of property valued at $20,000 or more, but less than $100,000 (the 2011 case). On October 14, 2011, Martinez pleaded guilty to both offenses. In each case, the trial court deferred an adjudication of guilt, placed Martinez on community supervision for a period of five years, and assessed a $2,000 fine.

Martinez was indicted on March 29, 2013, in cause number F13-01283-J, for theft of property valued at $20,000 or more, but less than $100,000 (the 2013 case). The State

subsequently filed motions to adjudicate guilt in the 2010 and the 2011 cases.  The trial court found Martinez guilty in both cases and assessed punishment of five years' imprisonment in the 2010 case and one year confinement in the 2011 case.  Pursuant to a plea bargain agreement, Martinez pleaded guilty in the 2013 case, and the trial court assessed punishment of two years' imprisonment and ordered the sentence to run concurrently with Martinez's other sentences.

Martinez appeals in all three cases asserting his right to due process was violated when the trial court participated in plea negotiations, the judgments in the 2010 and 2011 cases should be modified to accurately reflect the trial court proceedings, and the evidence is insufficient to support the amount of court costs assessed in the 2010 and 2011 cases.  For the reasons indicated below, we dismiss Martinez's appeal of the judgment in the 2013 case.  As modified, we affirm the trial court's judgments in the 2010 and 2011 cases.

**Due Process**

In his first three points of error, Martinez contends the trial court violated his right to due process by participating in plea negotiations and, during that participation, providing incorrect information about its authority to order that Martinez consecutively serve any sentences he received.

*Relevant Facts*

On May 15, 2013, Martinez was admonished in the 2013 case.  The trial court first admonished Martinez that he was charged with the "offense of theft over $20,000, receiving and concealing," that the offense was a third-degree felony, and the punishment range was "two to ten years in the penitentiary and a fine of up to $10,000."  Martinez indicated he understood. The trial court then asked, "What is the State's recommendation on this case?"  The prosecutor responded that the State had lowered its plea offer from three years to two years.  Unprompted by the trial court, the prosecutor continued that the State was also offering two years on the 2010

case and one year on the 2011 case. The prosecutor then stated that, because Martinez's statement would need to be translated if the case was set for trial, the plea bargain offer was only being offered that day.

After confirming Martinez had previously been informed of the plea offer and understood it, the trial court instructed Martinez that he could plead either guilty or not guilty. If Martinez pleaded guilty in the 2013 case, he could accept the State's recommendation of two years "to go concurrent with [his] probation violations." The trial court further explained that Martinez could plead guilty, refuse to accept the State's recommendation, and "go open" to either the court or a jury. Either the trial court or the jury would determine if probation was appropriate or assess a punishment between two and ten years in the penitentiary. The trial court finally explained that Martinez's third option was to plead not guilty to the charge and have a trial either to the court or to a jury. Martinez indicated he did not want to accept the plea offer and wanted to set the case for trial.

Martinez's counsel then stated he had attempted to explain to Martinez that the State's burden of proof "on probation revocation" was a lesser burden than that required to prove commission of a new offense at trial, but he did not "know if it's getting through." The trial court informed Martinez that, if it was found that he violated the terms of his community supervision, he was "looking at two to ten years on that probation case" and "at up to two years in the state jail on one of the other cases." After Martinez indicated he understood, the trial court stated:

> And with regards to a probation case, the State has – does not have to prove as much as they do if it's a new case. So the new case that you're on, the burden is beyond a reasonable doubt; but on your probation violations, that is not the standard.

> So you could very well put yourself in a position where you are found to have violated your probation and end up with a ten-year sentence on your probation

violations and then have a trial on the new case and in that trial end up with ten years.

* * *

And since you're on probation and you're alleged to have committed a new offense that's similar to the case that is on probation, the Court could decide to stack your sentences if I find the allegations in the motion to revoke true and, also, if you are found guilty of the new offense.

After conferring with his attorney, Martinez indicated that he wanted "to go to trial." The trial court set the 2013 case for a jury trial.

On August 5, 2013, prior to the trial of the 2013 case, the trial court heard the State's motions to adjudicate in the 2010 and 2011 cases. The trial court found that Martinez violated conditions (a), (d), (h), (j), and (n) of his community supervision, adjudicated Martinez guilty in both cases, and sentenced Martinez to five years' imprisonment in the 2010 case and one year confinement in the 2011 case. After a brief recess, Martinez pleaded guilty in the 2013 case and, pursuant to a plea agreement, the trial court sentenced Martinez to two years' imprisonment with the sentence to run concurrently with the sentences in the 2010 and 2011 cases. The trial court stated that, on the 2013 case, "since it was a plea bargain agreement, the defendant does not have a right to appeal my decisions." The trial court's written certification of Martinez's right of appeal in the 2013 case has an "x" next to the statement the case "is not a plea-bargain case, and the defendant has the right to appeal." However, the "x" has been marked out and the change initialed by the trial court. There is an "x" in the box next to the statement the case "is a plea-bargain case, and the defendant has NO right of appeal." This mark was also initialed by the trial court.

*Analysis*

On appeal, Martinez contends the trial court's statement that it could "stack your sentences if I find the allegations in the motion to revoke true and, also, if you are found guilty of

–4–

the new offense" was incorrect and violated his right to due process in all three cases. Acknowledging that he did not object to the trial court's statement, Martinez asserts error was not waived because the comment amounted to structural error.

We turn first to Martinez's third point of error, in which he contends his right to due process in the 2013 case was violated by the trial court's statement. However, in the 2013 case, Martinez pleaded guilty pursuant to a plea bargain agreement and was sentenced in accordance with that agreement. The trial court stated orally and certified in writing that Martinez did not have a right of appeal. When a defendant enters a plea bargain and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the defendant may appeal only those matters that were raised by written motion filed and ruled on before trial or after receiving the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). Here, Martinez had no right of appeal in the 2013 case because he was sentenced pursuant to the agreed terms of a plea bargain and does not satisfy either of the exceptions in rule 25.2(a)(2). Accordingly, we dismiss Martinez's appeal in case number 05-13-01283-CR for want of jurisdiction. *See Chavez*, 183 S.W.3d at 680.

In his first two points of error, Martinez asserts the trial court violated his right to due process in the 2010 and 2011 cases by participating in plea negotiations and providing him with incorrect information about the trial court's authority to order that any sentences be served consecutively. Generally, to preserve a complaint for appellate review, a party must make a timely and specific request, objection, or motion in the trial court and obtain an adverse ruling from the trial court. TEX. R. APP. P. 33.1(a). Except for complaints involving systemic requirements, or rights that are waivable only, all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with rule 33.1(a). *Mendez v. State*, 138

S.W.3d 334, 342 (Tex. Crim. App. 2004). The improper intrusion by a trial court into the plea-bargaining process is not systemic error and may not be brought for the first time on appeal. *Moore v. State*, 295 S.W.3d 329, 333 (Tex. Crim. App. 2009). Because Martinez did not complain in the trial court that the court was improperly interjecting itself into the plea-bargaining process or providing incorrect information during that process, he failed to preserve the issue for appeal.

Further, even if Martinez had preserved this complaint for appeal, it is without merit. The court of criminal appeals has suggested that a trial judge should avoid participation in plea negotiations until an agreement has been reached between the prosecutor and the defendant. *Perkins v. Court of Appeals for the Third Supreme Judicial Dist. of Tex., at Austin*, 738 S.W.2d 276, 282 (Tex. Crim. App. 1987) (orig. proceeding). "The reason for this suggestion is that the trial judge should always avoid the appearance of any judicial coercion or prejudgment of the defendant since such influence might affect the voluntariness of the defendant's plea." *Id.*; *see also Wright v. State*, 776 S.W.2d 763, 767 (Tex. App.—Corpus Christi 1989, pet. ref'd) (danger of trial court being involved in plea discussions is that it may improperly influence defendant to enter guilty plea).[1] In this case, even if we assume the trial court's statements constituted a participation in plea bargain discussions rather than an attempt to confirm Martinez was aware of and understood the options available to him, Martinez was not harmed by the comment. Martinez was not coerced by the trial court's comments into pleading "true" to the allegations he violated the conditions of his community supervision. Rather, he chose to contest the allegations at an evidentiary hearing on the State's motions to adjudicate. Further, Martinez does not argue that, absent the trial court's statements, he would have accepted the plea bargains. Instead, he

---

[1] *See also Gaal v. State*, No. 02-08-00382-CR, 2011 WL 2754754, at *11 (Tex. App.—Fort Worth July 14, 2011, no pet.) (mem. op. on remand, not designated for publication).

asserts only that he considered the information in deciding to contest the motions to adjudicate in the 2010 and 2011 cases. Finally, after Martinez chose to plead guilty, pursuant to a plea bargain, in the 2013 case, the trial court ordered that his sentence in the 2013 case be served concurrently with his sentences in the 2010 and 2011 case.

We resolve Martinez's first and second points of error against him.

## Modification of Judgments

In his fourth and fifth points of error, Martinez argues the judgments in the 2010 and 2011 cases should be modified to state only the grounds on which the trial court granted the motions to adjudicate. In his sixth point of error, Martinez asserts the 2010 judgment should also be modified to reflect he pleaded not true to the allegations in the State's motion to adjudicate. The State agrees the judgments in the 2010 and 2011 case should be modified.

In both motions to adjudicate, the State alleged Martinez violated conditions (a), (d), (e), (f), (h), (p), (q), and (u) of his community supervision.[2] The State's motion to adjudicate in the 2011 case also alleged that Martinez violated conditions (j) and (n) of his community supervision.[3] At the conclusion of the hearing on the State's motions to adjudicate, the trial court

---

[2] In both the 2010 and 2011 cases, the State alleged Martinez violated the conditions of his community supervision by:

    (a) committing a new offense;

    (d) failing to report to the community supervision office between January 2012 and December 2012;

    (e) failing to give twenty-four hours' notice of any changes in home or employment address between January 2012 and December 2012;

    (f) failing to work faithfully at suitable employment;

    (h) failing to pay court costs and fines;

    (p) failing to complete an Anti-Theft Program;

    (q) failing to complete Thinking For a Change Classes; and

    (u) failing to complete intensive outpatient substance counseling.

[3] In the 2011 case, the State also alleged Martinez violated the conditions of his community supervision by:

    (j) failing to pay community supervision fees; and

    (n) failing to pay urinalysis fees.

orally found that Martinez violated conditions (a), (d), (h), (j), and (n) of his community supervision. The trial court's judgments, however, state that the trial court found that Martinez "violated the terms and conditions of community supervision as set out in the State's **ORIGINAL** Motion to Adjudicate Guilt as follows: See attached Motion to Adjudicate Guilt." Further, although Martinez pleaded "not true" to the State's allegations, the judgment in the 2010 case states he pleaded "true."

We may modify a trial court's written judgment to correct a clerical error when we have the necessary information before us to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.— Dallas 1991, pet. ref'd). Accordingly, we resolve Martinez's fourth, fifth, and sixth points of error in his favor. We modify the judgment in the 2010 case to reflect that Martinez pleaded "not true" to the State's allegations and that the trial court found that Martinez violated conditions (a), (d), and (h) of his community supervision. We modify the judgment in the 2011 case to reflect the trial court found Martinez violated conditions (a), (d), (h), (j), and (n) of his community supervision.

## Court Costs

In his seventh and eighth points of error, Martinez asserts there is insufficient evidence to support the trial court's orders that he pay $394 in court costs in the 2010 and 2011 cases. The certified bills of costs in the clerk's records for the 2010 and 2011 cases show that $394 in court costs were assessed in each case in October 2011 after Martinez was placed on deferred adjudication community supervision.[4] Martinez argues the bills of costs are insufficient to

---

[4] Although the orders of deferred adjudication in both the 2010 and the 2011 cases required Martinez to pay only $244 in court costs, the bills of costs show assessed costs of $394.

support the assessed costs because they are incorrect, are unsigned, and were not presented to the trial court.

A defendant who has pleaded guilty and been placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as sufficiency challenges, only in appeals taken when deferred adjudication community supervision is first imposed. *Perez v. State*, 424 S.W.3d 81, 85–86 (Tex. Crim. App. 2014) ("Appellant's waiver of his right to appeal does not excuse his failure to appeal the assessment of court costs at the time of the original imposition of community supervision."); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Because the records show the court costs were imposed when Martinez was originally placed on community supervision, and nothing in the records of the 2010 case or the 2011 case shows that additional costs were assessed when Martinez was adjudicated guilty, Martinez's complaint is untimely. *Perez*, 424 S.W.3d at 85–86. We resolve Martinez's seventh and eighth points of error against him.

### Conclusion

We dismiss Martinez's appeal of the judgment in the 2013 case. As modified, we affirm the trial court's judgments in the 2010 and 2011 cases.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131281F.U05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FERNANDO ADRIAN MARTINEZ,
Appellant

No. 05-13-01281-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas,
Trial Court Cause No. F10-73063-J.
Opinion delivered by Justice Fillmore,
Justices FitzGerald and Stoddart
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section on page one of the trial court's judgment titled "Plea to Motion to Adjudicate" is modified to state "Not True."

The section on page two of the trial court's judgment that states "(5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's **ORIGINAL** Motion to Adjudicate Guilt as follows:  See attached Motion to Adjudicate Guilt" is modified to state "(5) While on community supervision, Defendant violated terms and conditions of community supervision (a), (d), and (h) as set out in the State's **ORIGINAL** Motion to Adjudicate Guilt as follows:  See attached Motion to Adjudicate Guilt."

As **REFORMED**, the judgment is **AFFIRMED**.


Judgment entered this 10th day of November, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FERNANDO ADRIAN MARTINEZ,
Appellant

No. 05-13-01282-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas,
Trial Court Cause No. F11-40692-J.
Opinion delivered by Justice Fillmore,
Justices FitzGerald and Stoddart
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> The section on page two of the trial court's judgment that states "(5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's **ORIGINAL** Motion to Adjudicate Guilt as follows:  See attached Motion to Adjudicate Guilt" is modified to state "(5) While on community supervision, Defendant violated terms and conditions of community supervision (a), (d), (h), (j), and (n) as set out in the State's **ORIGINAL** Motion to Adjudicate Guilt as follows:  See attached Motion to Adjudicate Guilt."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 10th day of November, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FERNANDO ADRIAN MARTINEZ,
Appellant

No. 05-13-01283-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas,
Trial Court Cause No. F13-53458-J.
Opinion delivered by Justice Fillmore,
Justices FitzGerald and Stoddart
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 10th day of November, 2014.