# NO. 12-15-00038-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS,* *APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *DANNY RAY SOWELL,* *APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The State of Texas appeals from the habeas court's grant of Appellee Danny Ray Sowell's pretrial application for a writ of habeas corpus based on the double jeopardy doctrine. We affirm.

## BACKGROUND

Appellee was charged by complaint and information for the misdemeanor offense of driving while intoxicated. The matter proceeded to trial before a jury. The State made a motion for mistrial during Appellee's cross examination of one of the State's witnesses. Over Appellee's objection, the trial court granted the motion and declared a mistrial. Thereafter, Appellee filed a pretrial application for a writ of habeas corpus in the 294th District Court alleging that double jeopardy barred a new trial. The habeas court agreed and granted relief. This appeal followed.[1]

## HABEAS RELIEF AFTER MISTRIAL

In its brief, the State presents three questions:

---

[1] Because the judge presiding over Appellee's application for writ of habeas corpus was not the judge who presided over Appellee's trial, our references are to the "habeas court" and "trial court."

1. Whether the record reflects the kind of "necessity" required for the mistrial ruling that will avoid a valid plea of double jeopardy?

2. If so, whether the plea of Double Jeopardy must nevertheless be allowed to bar further prosecution because the trial court failed to articulate into the record the consideration of less drastic alternatives?

3. Whether the plea of Double Jeopardy must be allowed to bar further prosecution because the trial court did not articulate manifest necessity into the record?

We construe the State's questions as raising the single issue of whether the habeas court properly found that the trial court abused its discretion in granting a mistrial.

**Standard of Review**

Generally, a ruling on a pretrial writ of habeas corpus is reviewed for abuse of discretion, viewing the facts in the light most favorable to the ruling. *See Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). But when there are no disputed facts, and a habeas court finds that a trial court abused its discretion in declaring a mistrial, we review the habeas court's ruling de novo. *See Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999) (stating that when there are no questions of fact and habeas court is not in appreciably better position than reviewing court, de novo review is appropriate).

We review a trial court's decision to grant a mistrial for an abuse of discretion. *Pierson v. State*, 426 S.W.3d 763, 770 (Tex. Crim. App. 2014). A trial court abuses its discretion if it declares a mistrial without first considering the availability of less drastic alternatives and reasonably ruling them out. *Ex parte Garza*, 337 S.W.3d 903, 909 (Tex. Crim. App. 2001); *see also Pierson*, 426 S.W.3d at 770 ("[A] trial court abuses its discretion if it declares a mistrial 'without first considering the availability of less drastic alternatives and reasonably ruling them out[,]' although the basis for the mistrial need not be expressly articulated in the record.").

**Applicable Law**

When a prosecution ends as the result of a mistrial, double jeopardy does not bar retrial if (1) the defendant consents to the mistrial, or (2) there was a manifest necessity to grant the mistrial. *Id.*

Once a defendant shows that he is being tried for the same offense after declaration of a mistrial to which he objected, the burden shifts to the state to demonstrate a manifest necessity for mistrial. *Ex parte Garza*, 337 S.W.3d at 909. This is a "heavy burden," and is limited to "extraordinary circumstances." *Id.* Manifest necessity exists when (1) the particular

circumstances giving rise to the declaration render it impossible to arrive at a fair verdict before the initial tribunal, (2) it is simply impossible to continue with the trial, or when (3) any verdict that the original tribunal might return would automatically be subject to reversal on appeal because of trial error. *Id.*

**The Undisputed Facts**

Neither the prosecutor nor the judge from the trial testified during the hearing on Appellee's application for a pretrial writ of habeas corpus. The only evidence presented to the habeas court was a transcript of trial counsel's cross examination of the State's witness, Trooper Brady Lunceford.

The record shows that trial counsel attempted to have Trooper Lunceford respond to his questions with a "yes" or a "no" answer. However, as the cross examination progressed, the trooper began answering questions with an explanation, rather than a "yes" or "no." As a result, trial counsel objected to the trooper's answers and asked the trial court to instruct Trooper Lunceford to answer his questions.

The trial court responded to trial counsel's objection by stating that the trooper had answered the questions and that he would not instruct Trooper Lunceford on how to answer trial counsel's questions. After trial counsel asked Trooper Lunceford to answer a question as he was asked, the following discourse took place:

> Trial Court: Please don't get hostile with the witness, Mr. White.
>
> Trial Counsel: Your Honor, I think the Court is taking the State's side.
>
> Trial Court: Sir, I'm not taking the State's side.
>
> Trial Counsel: Well, I think you are.
>
> Trial Court: You are entitled to a vigorous cross[]examination. I just—you just don't need to be hostile to the witness.
>
> Trial Counsel: I'm not hostile to him. I just want him to answer the question. I'd ask the Court to direct him to answer the question.
>
> Trial Court: Mr. White, continue on. Move along. Just move along, Mr. White.
>
> Trial Counsel: I have a right to question—
>
> Trial Court: Mr. White, move along.
>
> Trial Counsel: Your Honor, I'd ask for a hearing outside the presence of the jury.

Trial Court: Denied. Move forward.

Trial Counsel: Your Honor, then I'm going to have to make my objection right here. The Court is obviously hostile toward me, and I think the Court has treated my client and me, for whatever reason, but ultimately my client, unfairly and I object to that.

Trial Court: Proceed.

It was not until trial counsel asked, and Trooper Lunceford answered, more than thirty additional questions that the prosecutor requested a hearing outside the jury's presence and made a motion for mistrial.

Outside the jury's presence, the prosecutor complained about trial counsel's hostility towards Trooper Lunceford and expressed concern about trial counsel's earlier statement referring to the trial court's favoring the State. The prosecutor requested a short recess to research whether a mistrial could be obtained due to "that particular statement made in front of the jury." Upon returning from the recess, the prosecutor argued that there was no instruction that could be given and that she was still attempting to log into their research database for legal authority to justify her position.

Trial counsel objected to a mistrial, and the trial court initially denied the prosecutor's motion, stating that he would admonish trial counsel against being hostile. After being admonished against being hostile, the following exchange occurred between trial counsel and the trial court during the hearing:

Trial Counsel: That's all fine and good. Like I said, all I asked the Court to do was to excuse the jury, the same as you did for the State just now, so I could address that point outside the presence of the jury, but you wouldn't let me do it. That's all—

Trial Court: I don't want to put words in your mouth. Okay. You make the decision what you're going to say. Okay. That's your decision.

Trial Counsel: But you left me no other choice.

Trial Court: Well, I'm not going to argue with you, Mr. White. You're hostile to the witness, you're hostile to the Court, and it's got to stop. Okay?

Trial Counsel: You're hostile to me, Your Honor. I think that needs to stop. I think it's a two-way street.

Trial Court: I'm granting this mistrial. Let's bring the jury in.

(In the presence of the jury.)

Trial Court: You may be seated. Ladies of the jury, the State has moved for a mistrial. The Court has granted that.

## Discussion

The State contends that retrial is not barred in this case because (1) trial counsel's statements in front of the jury amounted to improper commentary that created a substantial risk of potential bias in each of the jurors' minds, (2) trial counsel's statements did not amount to a valid objection found in the Texas Rules of Evidence, (3) the trial court considered less drastic alternatives, and (4) barring retrial would cause an absurd result and invite misconduct from unscrupulous defense counsel.

### Improper Commentary or Remarks

If a trial court declares a mistrial due to an improper or prejudicial remark, we must accord "the highest degree of respect to the trial judge's evaluation of the likelihood that the impartiality of one or more jurors may have been affected by the improper comment." *Arizona v. Washington*, 434 U.S. 497, 511, 98 S. Ct. 824, 833, 54 L. Ed. 2d 717 (1978). This is because the trial court is "far more 'conversant with the factors relevant to the determination' than any reviewing court can possibly be.'" *Id.*, 434 U.S. at 514, 98 S. Ct. at 834.

The record does not support the conclusion that mistrial was declared due to statements trial counsel made more than thirty questions and answers before the State made its motion for mistrial. We reach this determination because (1) there was no objection to trial counsel's statements when they were made, (2) the trial court did not admonish trial counsel that the statements were improper when they were made, and (3) the trial court made no acknowledgment that trial counsel's statements may have had a prejudicial impact on the jurors' minds. *See Pierson*, 426 S.W.3d at 767 (before declaring mistrial, trial judge explained that improper question sought to interject inadmissible evidence and that he did not know how bias in jurors' minds could be cured with an instruction).

### Validity of Objection

It is well established that the failure to present a timely and specific request, objection, or motion to the trial court for a ruling generally results in waiver or forfeiture of the right to present the claim on appeal. *See* TEX. R. APP. P. 33.1; *Mendez v. State*, 138 S.W.3d 334, 341–42 (Tex. Crim. App. 2004). For an objection to be valid, a party need not "spout magic words," and

5

it is not defective merely because it does not cite a rule, statute, or specific case. ***Ford v. State***, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009).

The record shows that trial counsel sensed hostility and believed the trial court was biased in the State's favor. Had trial counsel not objected based on his perception of bias and hostility, he risked forfeiting the right to challenge on appeal the court's impartiality and the deprivation of his client's right to a fair trial. *See **Clark v. State***, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) ("[I]f a party fails to properly object to constitutional errors at trial, these errors can be forfeited."); *see also **Avilez v. State***, 333 S.W.3d 661, 673 (Tex. App.—Houston [1st Dist.] pet. ref'd) ("'A fair trial in a fair tribunal is a basic requirement of due process[, and d]ue process requires that a criminal trial be held 'before a judge with no actual bias against the defendant[.]'") (citations omitted); ***Wright v. State***, 776 S.W.2d 763, 766–67 (Tex. App.—Corpus Christi 1989, pet. ref'd) (failure to object to remarks trial court made in jury's presence preserved nothing for review). Accordingly, trial counsel cannot be faulted for attempting to preserve what he observed as error.

Less Drastic Alternatives

Here, the trial court sought to protect the State's witness from harassment, and avoid the needless consumption of time, by admonishing trial counsel during the hearing on the State's motion to refrain from being hostile to the court and the witness. *See* TEX. R. EVID. 611(a).[2] The State contends that the trial court's admonishing trial counsel that his hostility toward the witness and the court needed to stop demonstrates that the judge considered less drastic alternatives before declaring a mistrial.

We disagree that the trial court considered less drastic alternatives before declaring the mistrial because nothing prevented the trial court from holding trial counsel in contempt. A cold reading of the record indicates that the trial court declared a mistrial out of frustration rather than ensuring "the evenhanded administration of justice." *See **Washington***, 434 U.S. at 511, 98 S. Ct. at 833. Specifically, the trial court declared the mistrial immediately after trial counsel stated that hostility was a two-way street and never made any reference to trial counsel's statements having potential for placing bias in the jurors' minds.

---

[2] Rule 611(a) provides that the trial court "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." TEX. R. EVID. 611(a).

<u>Extraordinary Circumstances</u>

The State contends that we must agree there was manifest necessity for mistrial because, to rule otherwise, would create an "absurd result" and "invite misconduct from unscrupulous defense counsel."

We reiterate that a mistrial based on manifest necessity is limited to "extraordinary circumstances." *See Ex parte Garza*, 337 S.W.3d at 909. A lawyer's disagreement with a trial court can hardly be considered an extraordinary circumstance. Neither can a lawyer's failure to comply with a court's ordering him to not be hostile to a witness.

The record shows that the trial court granted the State's motion for mistrial, not due to potential juror bias, but because trial counsel was being hostile. Holding trial counsel in contempt for his hostility was a less drastic, and more reasonable, alternative to a mistrial. *See Pierson*, 426 S.W.3d at 770.

The State relies heavily on the Supreme Court's ruling in *Arizona v. Washington* to justify a finding of manifest necessity. *See generally Washington*, 434 U.S. 497, 98 S. Ct. 824. We have reviewed *Washington* and conclude that its facts are distinguishable from the facts in this case.

In *Washington*, defense counsel's opening statement included the following:

> You will hear testimony that notwithstanding the fact that we had a trial in May of 1971 in this matter, that the prosecutor hid those statements and didn't give those to the lawyer for George saying the man was Spanish speaking, didn't give those statements at all, hid them.
>
> You will hear that that evidence was suppressed and hidden by the prosecutor in that case. You will hear that that evidence was purposely withheld. You will hear that because of the misconduct of the County Attorney at that time and because he withheld evidence, that the Supreme Court of Arizona granted a new trial in this case.

*Id.*, 434 U.S. at 499, 98 S. Ct. at 827. The prosecutor immediately made a motion for mistrial once opening statements were complete, and renewed his motion the following day. *Id.*, 434 U.S. at 499-500, 98 S. Ct. at 827.

The first distinction between *Washington* and the present case is that the prosecutor in this case failed to make a timely motion for mistrial.[3] A motion is timely "only if it is made as

---

[3] A motion for mistrial must be timely and specific. *See Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007).

soon as the grounds for it become apparent." ***Griggs v. State***, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007). Here, the prosecutor waited until more than thirty additional questions had been asked and answered before making her motion and arguing that trial counsel's earlier statements were improper. *Cf. id.* 434 U.S. at 499, 98 S. Ct. at 827; ***Pierson***, 426 S.W.3d at 766 (prosecutor objected to improper question before answer given and made motion for mistrial before jury heard additional testimony).[4]

On appeal, the State argues that trial counsel's comments were so inflammatory and prejudicial that no instruction could have cured any adverse effect. We reject this argument because, had trial counsel's comments been as inflammatory and prejudicial as the State contends, they would have drawn an immediate objection and motion for mistrial. *Cf. **Washington***, 434 U.S. at 499, 98 S. Ct. at 827; ***Pierson***, 426 S.W.3d at 767.

The second distinction between this case and ***Washington*** (and ***Pierson***) is that trial counsel's statements did not refer to inadmissible evidence. *See **Washington***, 434 U.S. at 510–11, 98 S. Ct. at 833; ***Pierson***, 426 S.W.3d at 767. Instead, trial counsel's objecting to the trial court's hostility and bias in favoring the State was an attempt to preserve error and made no reference to inadmissible evidence.

The final distinction we make is that the trial court, unlike in ***Washington*** and ***Pierson***, failed to consider whether there would be double jeopardy ramifications if his ruling was erroneous. *See **Washington***, 434 U.S. at 501, 98 S. Ct. at 828; ***Pierson***, 426 S.W.3d at 767. This distinction is important because, had the trial judge considered the double jeopardy ramifications, he would have attempted a less drastic alternative to mistrial, such as holding trial counsel in contempt.[5]

## Conclusion

The State has not cited, nor has this court found, any authority in which a trial lawyer's hostility created a manifest necessity for a mistrial. The trial court failed to consider the availability of less drastic alternatives. And the State has not demonstrated that trial counsel's statements rendered it impossible for the jury to arrive at a fair verdict before the initial tribunal,

---

[4] If a party delays in making a motion for mistrial, and by failing to object allows for the introduction of further objectionable testimony or comments and greater accumulation of harm, the party could no more rely on the untimely motion for mistrial than on an untimely objection. *See **Young v. State***, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004).

[5] The record indicates that the prosecutor also failed to consider the consequences of an erroneous ruling because she never made any statements regarding double jeopardy as a potential bar to retrial.

it was impossible to continue with the trial, or that the verdict would automatically be subject to reversal on appeal due to trial error. *See **Ex parte Garza***, 337 S.W.3d at 909.

The trial court abused its discretion in declaring a mistrial. *See **Pierson***, 426 S.W.3d at 770. Because there was no manifest necessity, retrial is barred. Accordingly, we overrule the State's sole issue.

## DISPOSITION

Having overruled the State's sole issue, we ***affirm*** the order of the habeas court.

<u>**BRIAN HOYLE**</u>
Justice

Opinion delivered December 16, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 16, 2015**

**NO. 12-15-00038-CR**

**THE STATE OF TEXAS,**
Appellant
V.
**DANNY RAY SOWELL,**
Appellee

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. WR14-00126)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*